SENTELLE, Circuit Judge,
concurring in part and dissenting in part.
I fully agree with most of the court’s opinion. As the majority’s cogent analysis demonstrates, “we lack subject-matter jurisdiction over the tire industry petitioners’ petition for review of the NHTSA’s refusal to initiate rulemaking concerning Standard 110.” Further, the analysis set forth in Part IIIB of the majority’s opinion correctly demonstrates that the tire industry petitioners lack standing to bring this petition for review of standard 138. Also, I am in general agreement with the majority’s thorough analysis of the standing of *463 Public Citizen. I retain misgivings as to whether an organizational plaintiff can establish probabilistic standing based on increased risk where the increase in risk is no different from the increase suffered by the public at large. In my view, such an increased risk falls within the category of oversight reserved for the legislative branch described by the majority in its discussion of Laird v. Tatum, 408 U.S. 1, 15, 92 S.Ct. 2318, 33 L.Ed.2d 154 (1972) (Maj. Op. at 1295.). Perhaps in part because I retain this misgiving, I do not join the majority’s decision to allow Public Citizen a further attempt to establish standing.
It is true that in American Library Association v. FCC, 401 F.3d 489 (D.C.Cir.2005), we allowed such a second bite at the standing apple. While that case establishes circuit law for the authority of the court to allow such an attempt, it certainly does not mandate that we do so. As I did in that case:
I therefore would find the governing precedent ... in such cases as America West Airlines, Inc. v. Burnley, 838 F.2d 1343 (D.C.Cir.1988), in which we have dismissed petitions of litigants who, after ample opportunity on the record before us, have not demonstrated standing.
Id. at 497 (Sentelle, J., dissenting).
Because Public Citizen has not demonstrated standing, we have no jurisdiction. I would dismiss their claim, along with that of the tire manufacturers. I therefore respectfully dissent from that portion of the majority’s disposition.